PHILLIP A. TALBERT
United States Attorney
AARON D. PENNEKAMP
ANGELA L. SCOTT
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO MENDOZA RAMOS,<br>LEOPOLDO GONZALEZ, JR.,<br>VICTOR MANUEL VELAZQUEZ,<br>ERASMO ZARATE SOLORZANO,<br>ESTELA ACEVEDO,<br>CARLOS CANO MANZO,<br>DIANA CERVANTES,<br>JOSE GENARO VARGAS-RAMIREZ,<br>ALMA ADRIANA MORA MADRIGAL,<br>ALEJANDRO MORA MADRIGAL,<br>FERNANDO CARDENAS, AND<br>HUMBERTO PIMENTEL CARANZA,<br><br>Defendants. | CASE NO. 21-CR-109-DAD<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>CURRENT DATE: June 20, 2023<br>PROPOSED DATE: September 19, 2023<br>COURT: Hon. Dale A. Drozd |

**STIPULATION**

1.      By previous order, this matter was set for a status conference on June 20, 2023.

2.      By this stipulation, defendants[1] now move to continue the status conference until

September 19, 2023 at 9:30 a.m., and to exclude time between June 20, 2023, and September 19, 2023 at

_____

[1] This Court previously granted defendant ALMA MORA MADRIGAL's attorney's Motion to Withdraw as Counsel (Dkt. 172). Consequently, Ms. DiEduardo has not joined in this stipulation.

9:30 a.m., pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(ii), (iv) [Local Codes T2 and T4].

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has produced over 100,000 pages of discovery and voluminous audio and audio/video discovery, including interceptions over multiple wiretapped telephones as well as recordings of controlled purchases of narcotics.  Many of the recordings are in Spanish.

b)      On February 12, 2023, counsel for defendant VICTOR MANUEL VELAZQUEZ was substituted by attorney Timothy Zindel as counsel of record.  This new attorney has been provided with the voluminous discovery in this case and will need substantial time to review that discovery, review the current charges, conduct investigations and research related to the charges, discuss potential resolutions, prepare pretrial motions, and otherwise prepare for trial.

c)      Moreover, in light of this voluminous discovery, counsel for the remaining defendants likewise desire additional time consult with their clients, review the current charges, conduct investigations and research related to the charges, review discovery, discuss potential resolutions, prepare pretrial motions, and otherwise prepare for trial.

d)      Additionally, given the voluminous discovery and the fact that this case involved a multi-line wiretap investigation, it is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself prior to September 19, 2023.

e)      Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

f)      No defendant has invoked his/her speedy trial rights since the inception of the case.

g)      The government does not object to the continuance.

h)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

i)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 20, 2023 to September 19,

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2023 at 9:30 a.m., inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(ii), (iv) [Local Codes T2 and T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Counsel for ERASMO ZARATE SOLORZANO and the government agree that for purposes of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 20, 2023, to September 19, 2023, inclusive, is also deemed excludable pursuant to 18 U.S.C. § 3161(h)(3) because ERASMO ZARATE SOLORZANO's whereabouts are unknown and his whereabouts cannot be determined by due diligence.[2]  On July 2, 2021, defendant ERASMO ZARATE SOLORZANO was ordered released on Pretrial Release conditions.  Dkt. 76.  On May 4, 2023, the Honorable Allison Claire signed a Pretrial Release Violation Petition and issued a bench warrant for ERASMO ZARATE SOLORZANO.  Dkt. 184.  The Petition alleged that:

a)      On May 1, 2023, the defendant failed to re-surrender his passport to Pretrial Services.

b)      On May 2, 2023, Pretrial Services attempted to contact the defendant, however his phone number was disconnected. The defendant failed to advise Pretrial Services of new contact information.

c)      On May 2, 2023, Pretrial Services spoke with the defendant's son, Briam Solorzano. According to Briam, he received a phone call from the defendant (on a blocked phone number) on May 2, 2023, stating the defendant has allegedly returned to Mexico.

5.      Consequently, the government and counsel for ERASMO ZARATE SOLORZANO agree and ask the Court to find that for purposes of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 20, 2023, and September 19,

_____

[2] Undersigned government counsel has confirmed with the United States Marshals Service (USMS) that the bench warrant for defendant ERASMO ZARATE SOLORZANO is still active and that the USMS conducts periodic inquiries regarding the subjects of all active warrants.  Undersigned government counsel has also confirmed with the Federal Bureau of Investigation (FBI) that the FBI has made recent database inquiries regarding defendant ERASMO ZARATE SOLORZANO, but is unable to locate him.

2023, inclusive, is excludable pursuant to 18 U.S.C.§ 3161(h)(3) as defendant ERASMO ZARATE SOLORZANO is unavailable because his whereabouts are unknown and his whereabouts cannot be determined by due diligence.

6.      Additionally, counsel for ERASMO ZARATE SOLORZANO and the government agree that pursuant to 18 U.S.C. § 3161(h)(6), the time period of June 20, 2023, and September 19, 2023, inclusive, constitutes a reasonable period of delay for defendant ERASMO ZARATE SOLORZANO, who is joined for trial with the co-defendants in the above-captioned case, and as to whom the time for trial has not run and no motion for severance has been granted.

7.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.[3]

IT IS SO STIPULATED.

---

[3] Regarding defendant ALMA ADRIANA MORA MADRIGAL, the government notes that for purposes of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, within which trial must commence, the time period of June 20, 2023, and September 19, 2023, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(3) because ALMA MORA MADRIGAL's whereabouts are unknown and her whereabouts cannot be determined by due diligence.  On June 9, 2021, defendant ALMA MORA MADRIGAL was ordered to remain on Pretrial Release conditions previously ordered in the Central District of California. Dkt. 13.  On December 21, 2021, the Honorable Jeremy D. Peterson signed a Pretrial Release Violation Petition and issued a bench warrant for ALMA MORA MADRIGAL.  The Petition alleged that "…[a]ll efforts to locate the defendant have been unsuccessful and the defendant's current whereabouts is unknown."

Undersigned government counsel has confirmed with the United States Marshals Service that the bench warrant for defendant ALMA MORA MADRIGAL is still active and that the USMS conducts periodic inquiries regarding the subjects of all active warrants.  Undersigned government counsel has also confirmed with the FBI that the FBI has made recent database inquiries regarding defendant ALMA MORA MADRIGAL, but is unable to locate her.  Finally, as noted in her counsel's Motion to Withdraw as Counsel filed on February 24, 2023, defendant ALMA MORA MADRIGAL's attorney made repeated attempts to contact her to no avail. Dkt. 168.

Additionally, pursuant to 18 U.S.C. § 3161(h)(6), the time period of June 20, 2023, and September 19, 2023, inclusive, constitutes a reasonable period of delay for defendant ALMA MORA MADRIGAL, who is joined for trial with the co-defendants in the above-captioned case, and as to whom the time for trial has not run and no motion for severance has been granted.

Dated:  June 12, 2023

PHILLIP A. TALBERT
United States Attorney

/s/ ANGELA L. SCOTT
ANGELA L. SCOTT
Assistant United States Attorney

Dated:  June 12, 2023

/s/ RYAN ROTH per email
authorization
RYAN ROTH
Counsel for Defendant
LEOPOLDO GONZALEZ, JR.

Dated:  June 12, 2023

/s/ TIMOTHY ZINDEL per
email authorization
TIMOTHY ZINDEL
Counsel for Defendant
VICTOR MANUEL
VELAZQUEZ

Dated:  June 12, 2023

/s/ ETAN ZAITSU per email
authorization
ETAN ZAITSU
Counsel for Defendant
ERASMO ZARATE
SOLORZANO

Dated:  June 12, 2023

/s/ CLEMENTE M. JIMENEZ
per email authorization
CLEMENTE M. JIMENEZ
Counsel for Defendant
ESTELA ACEVEDO

Dated:  June 12, 2023

/s/ JENNIFER MOUZIS per
email authorization
JENNIFER MOUZIS
Counsel for Defendant
DIANA CERVANTES

Dated:  June 12, 2023

/s/ DINA LEE SANTOS per email authorization

DINA LEE SANTOS
Counsel for Defendant
JOSE GENARO VARGAS-RAMIREZ

Dated:  June 12, 2023

/s/ JESSE GARCIA per email authorization

JESSE GARCIA
Counsel for Defendant
HUMBERTO PIMENTEL CARANZA

## ORDER

Pursuant to the stipulation of the parties, the status conference previously scheduled for June 20, 2023 is continued to September 19, 2023 at 9:30 a.m., and to exclude time between June 20, 2023, and September 19, 2023 at 9:30 a.m., pursuant to 18 U.S.C. § 3161(h)(3), (h)(7)(A), B(ii), (iv) [Local Codes M, T2 and T4].  At this time, the undersigned is of the preliminary view that the now scheduled September 19, 2023 status conference should remain on calendar so that the court and counsel at that time can discuss the status of the case and, potentially, setting the case for trial.

IT IS SO ORDERED.

Dated:  **June 14, 2023**

_____
UNITED STATES DISTRICT JUDGE