PHILLIP A. TALBERT
United States Attorney
AARON D. PENNEKAMP
ANGELA L. SCOTT
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO MENDOZA RAMOS,<br>LEOPOLDO GONZALEZ, JR.,<br>VICTOR MANUEL VELAZQUEZ,<br>ERASMO ZARATE SOLORZANO,<br>ESTELA ACEVEDO,<br>CARLOS CANO MANZO,<br>DIANA CERVANTES,<br>JOSE GENARO VARGAS-RAMIREZ,<br>ALMA ADRIANA MORA MADRIGAL,<br>ALEJANDRO MORA MADRIGAL,<br>FERNANDO CARDENAS, AND<br>HUMBERTO PIMENTEL CARANZA,<br><br>Defendants. | CASE NO.  21-CR-109-DAD<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>CURRENT DATE: September 19, 2023<br>PROPOSED DATE: October 3, 2023 at 9:30 am<br>COURT: Hon. Dale A. Drozd |

**STIPULATION**

1. By previous order, this matter was set for a status conference on September 19, 2023.

2. By this stipulation, defendants[1] now move to continue the status conference until October 3, 2023, at 9:30 am and to exclude time between September 19, 2023, and October 3, 2023, pursuant to

---

[1] This Court previously granted defendant ALMA MORA MADRIGAL's attorney's Motion to Withdraw as Counsel (Dkt. 172). Consequently, Ms. DiEduardo has not joined in this stipulation.

1  18 U.S.C.§ 3161(h)(7)(A), B(ii), (iv) [Local Codes T2 and T4].

2      3.      The parties agree and stipulate, and request that the Court find the following:

          a)      The government has produced over 100,000 pages of discovery and voluminous audio and audio/video discovery, including interceptions over multiple wiretapped telephones as well as recordings of controlled purchases of narcotics.  Many of the recordings are in Spanish.

          b)      On February 12, 2023, counsel for defendant VICTOR MANUEL VELAZQUEZ was substituted by attorney Timothy Zindel as counsel of record.  This new attorney has been provided with the voluminous discovery in this case and will need substantial time to review that discovery, review the current charges, conduct investigations and research related to the charges, discuss potential resolutions, prepare pretrial motions, and otherwise prepare for trial.

          c)      Moreover, in light of this voluminous discovery, counsel for the remaining defendants likewise desire additional time consult with their clients, review the current charges, conduct investigations and research related to the charges, review discovery, discuss potential resolutions, prepare pretrial motions, and otherwise prepare for trial.

          d)      Additionally, given the voluminous discovery and the fact that this case involved a multi-line wiretap investigation, it is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself prior to October 3, 2023.

          e)      Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

          f)      No defendant has invoked his/her speedy trial rights since the inception of the case.

          g)      The government does not object to the continuance.

          h)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

          i)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 19, 2023 to October 3,

2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(ii), (iv) [Local Codes T2 and T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Counsel for ERASMO ZARATE SOLORZANO and the government agree that for purposes of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 19, 2023, to October 3, 2023, inclusive, is also deemed excludable pursuant to 18 U.S.C. § 3161(h)(3) because ERASMO ZARATE SOLORZANO's whereabouts are unknown and his whereabouts cannot be determined by due diligence.[2] On July 2, 2021, defendant ERASMO ZARATE SOLORZANO was ordered released on Pretrial Release conditions. Dkt. 76. On May 4, 2023, the Honorable Allison Claire signed a Pretrial Release Violation Petition and issued a bench warrant for ERASMO ZARATE SOLORZANO. Dkt. 184. The Petition alleged that:

    a) On May 1, 2023, the defendant failed to re-surrender his passport to Pretrial Services.

    b) On May 2, 2023, Pretrial Services attempted to contact the defendant, however his phone number was disconnected. The defendant failed to advise Pretrial Services of new contact information.

    c) On May 2, 2023, Pretrial Services spoke with the defendant's son, Briam Solorzano. According to Briam, he received a phone call from the defendant (on a blocked phone number) on May 2, 2023, stating the defendant has allegedly returned to Mexico.

5. Consequently, the government and counsel for ERASMO ZARATE SOLORZANO agree and ask the Court to find that for purposes of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 19, 2023, to October 3,

---

[2] Prior to the filing of the parties last stipulation in June 2023, undersigned government counsel confirmed with the United States Marshals Service (USMS) that the bench warrant for defendant ERASMO ZARATE SOLORZANO is still active and that the USMS conducts periodic inquiries regarding the subjects of all active warrants. At that time, undersigned government counsel also confirmed with the Federal Bureau of Investigation (FBI) that the FBI made recent database inquiries regarding defendant ERASMO ZARATE SOLORZANO, but is unable to locate him.

2023, inclusive, is excludable pursuant to 18 U.S.C.§ 3161(h)(3) as defendant ERASMO ZARATE SOLORZANO is unavailable because his whereabouts are unknown and his whereabouts cannot be determined by due diligence.

6.      Additionally, counsel for ERASMO ZARATE SOLORZANO and the government agree that pursuant to 18 U.S.C. § 3161(h)(6), the time period of September 19, 2023, to October 3, 2023, inclusive, constitutes a reasonable period of delay for defendant ERASMO ZARATE SOLORZANO, who is joined for trial with the co-defendants in the above-captioned case, and as to whom the time for trial has not run and no motion for severance has been granted.

7.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.[3]

IT IS SO STIPULATED.

---

[3] Regarding defendant ALMA ADRIANA MORA MADRIGAL, the government notes that for purposes of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, within which trial must commence, the time period of September 19, 2023, to October 3, 2023, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(3) because ALMA MORA MADRIGAL's whereabouts are unknown and her whereabouts cannot be determined by due diligence. On June 9, 2021, defendant ALMA MORA MADRIGAL was ordered to remain on Pretrial Release conditions previously ordered in the Central District of California. Dkt. 13. On December 21, 2021, the Honorable Jeremy D. Peterson signed a Pretrial Release Violation Petition and issued a bench warrant for ALMA MORA MADRIGAL. The Petition alleged that "…[a]ll efforts to locate the defendant have been unsuccessful and the defendant's current whereabouts is unknown."

Undersigned government counsel previously confirmed with the United States Marshals Service that the bench warrant for defendant ALMA MORA MADRIGAL is still active and that the USMS conducts periodic inquiries regarding the subjects of all active warrants. Undersigned government counsel also previously confirmed with the FBI that the FBI made database inquiries regarding defendant ALMA MORA MADRIGAL, but is unable to locate her. Finally, as noted in her counsel's Motion to Withdraw as Counsel filed on February 24, 2023, defendant ALMA MORA MADRIGAL's attorney made repeated attempts to contact her to no avail. Dkt. 168.

Additionally, pursuant to 18 U.S.C. § 3161(h)(6), the time period of September 19, 2023, to October 3, 2023, inclusive, constitutes a reasonable period of delay for defendant ALMA MORA MADRIGAL, who is joined for trial with the co-defendants in the above-captioned case, and as to whom the time for trial has not run and no motion for severance has been granted.

Dated: August 8, 2023         PHILLIP A. TALBERT
                              United States Attorney

                              /s/ ANGELA L. SCOTT
                              ANGELA L. SCOTT
                              Assistant United States Attorney


Dated: August 8, 2023         /s/ RYAN ROTH per email authorization
                              RYAN ROTH
                              Counsel for Defendant
                              LEOPOLDO GONZALEZ, JR.


Dated: August 8, 2023         /s/ TIMOTHY ZINDEL per email authorization
                              TIMOTHY ZINDEL
                              Counsel for Defendant
                              VICTOR MANUEL VELAZQUEZ


Dated: August 8, 2023         /s/ ETAN ZAITSU per email authorization
                              ETAN ZAITSU
                              Counsel for Defendant
                              ERASMO ZARATE SOLORZANO


Dated: August 8, 2023         /s/ CLEMENTE M. JIMENEZ per email authorization
                              CLEMENTE M. JIMENEZ
                              Counsel for Defendant
                              ESTELA ACEVEDO


Dated: August 8, 2023         /s/ JENNIFER MOUZIS per email authorization
                              JENNIFER MOUZIS
                              Counsel for Defendant
                              DIANA CERVANTES


STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT        5

| | |
|---|---|
| Dated: August 8, 2023 | /s/ DINA LEE SANTOS per email authorization<br>DINA LEE SANTOS<br>Counsel for Defendant<br>JOSE GENARO VARGAS-RAMIREZ |
| Dated: August 8, 2023 | /s/ JESSE GARCIA per email authorization<br>JESSE GARCIA<br>Counsel for Defendant<br>HUMBERTO PIMENTEL CARANZA |

**ORDER**

Pursuant to the stipulation of the parties and good cause appearing, the status conference previously scheduled for September 19, 2023, is continued to October 3, 2023 at 9:30 a.m., and time is excluded to October 3, 2023, pursuant to 18 U.S.C.§ 3161(h)(3), (h)(7)(A), B(ii), (iv) [Local Codes M, T2 and T4]. In adopting the parties' previous stipulation to continue the status conference the undersigned expressed reluctance to continue the September 19, 2023 status conference based upon the belief that the time had come to discuss the status of the case and, potentially, to set the case for trial. **While the court is adopting the parties' stipulation and continuing the status conference for an additional two weeks, it does not intend to do so again absent a compelling showing of good cause.**

IT IS SO ORDERED.

Dated:  **August 9, 2023**

_____
UNITED STATES DISTRICT JUDGE